**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| MICHELLE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 9:18-cv-3331-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| LAURA HUGHES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The following matter is before the court on plaintiff Michelle Carter's ("Carter")

motion to quash, ECF No. 12. For the reasons set forth below, the court denies the

motion.

## I. BACKGROUND

This matter arises from a car accident in which defendant Laura Hughes

("Hughes") allegedly rear-ended Carter on Highway 21 in Beaufort, South Carolina.

Carter filed her complaint against Hughes with this court on December 11, 2018, in

which she seeks relief for her physical injuries, current and future medical expenses, pain

and suffering, financial loss, and punitive damages. On August 7, 2019, Hughes served a

subpoena on a records custodian at the Research Triangle Park Customer Briefing Center

requesting a copy of Carter's employment file as a Cisco employee. ECF No. 12-1. On

August 21, 2019, Carter filed this motion to quash, ECF No. 12, to which Hughes

responded on September 9, 2019, ECF No. 13. This matter is ripe for review.

## II. STANDARD

Under Fed. R. Civ. P. 45, a party may serve a subpoena for the production of

discoverable material on a non-party. A district court must quash a subpoena upon

1

timely motion when the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "The determination of undue burden is within the discretion of the district court." United States ex rel. Lutz v. Berkeley Heartlab, Inc., 2017 WL 5952689, at *1 (D.S.C. Nov. 29, 2017). Although Fed. R. Civ. P. 45 does not list irrelevance as a ground for quashing a subpoena, the undue burden standard encompasses situations where the subpoena seeks information irrelevant to the case. Cook v. Howard, 484 F. App'x 805, 812 n.7 (4th Cir. 2012). The scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. P. 26(b). Id. at 812. Thus, where the basis for a motion to quash is irrelevance, the court's analysis under Fed. R. Civ. P. 45 is the same analysis generally applicable to discovery under Fed. R. Civ. P. 26(b). HDSherer LLC v. Nat. Molecular Testing Corp., 292 F.R.D. 305, 308 (D.S.C. 2013).

Fed. R. Civ. P. 26(b) limits the scope of discovery to those materials that are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible as evidence at trial but must appear to be "reasonably calculated to lead to the discovery of admissible evidence." Id. Discoverable material must not only be relevant, but proportional to the needs of the case as well, considering whether "the burden or expense of the proposed discovery outweighs its likely benefit" based on "the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Id. at 26(b)(2)(C).

### III.  DISCUSSION

In her motion, Carter argues that the subpoena at issue should be quashed pursuant to Fed. R. Civ. P. 45(d)(3). She contends that the subpoena subjects her to an

undue burden because her employment records "are irrelevant and immaterial to this action, constitute discovery which is not proportional to the needs of the case, and would be a substantial and unreasonable invasion of [Carter's] privacy." ECF No. 12 at 3. Based on the arguments before the court, Carter's position is without merit.[1] The court therefore denies the motion to quash.

Carter contends that her employment records are irrelevant because she is not claiming lost wages or loss of earning capacity as damages. While she is not seeking damages that directly arise out of her employment, Carter's employment records are nevertheless relevant to her other damages claims, namely pain and suffering and future expenses. Carter testified that she missed work to attend physical therapy sessions. ECF No. 12-1, Carter Dep. 14:6-16:1. She further testified that she stopped seeking physical therapy treatment because of the demands of her job. Id. Either of Carter's statements make her employment records relevant.

First, Carter's assertion that she stopped attending physical therapy sessions on account of her job puts her employment records in issue. Carter's decision to abandon medical treatment has a direct bearing on her claims of pain and suffering and future expense damages. While Carter asserts that the car accident is the underlying cause of her damages, her abandonment of medical treatment may be a contributing factor thereto. Hughes is entitled to evaluate Carter's decision to abandon her medical treatment. Carter

---

[1] Carter has not properly argued that the subpoena should be quashed on privacy grounds. Fed. R. Civ. P. 45(c)(3) requires that a subpoena be quashed if, among other things, it "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iii). Because Carter has not offered evidence of a specific privacy interest that might protect her employment record from discovery, the court only analyzes Carter's claim that the subpoena seeks information that is irrelevant and disproportionate to the needs of the case.

has claimed that this decision was based on her work; therefore, her employment records are relevant because they are reasonably calculated to reveal evidence of the veracity of that claim. Additionally, Carter's claim that she missed work to attend physical therapy sessions similarly makes her employment records relevant. Carter's employment records could reveal that Carter was at work when she claimed to be attending physical therapy, or they could corroborate her claim by showing she was absent from work. In any event, Carter's testimony places her employment directly at issue in analyzing her claims for pain and suffering and future expenses. Therefore, the employment records are relevant under Fed. R. Civ. P. 26(b).

Further, the scope of the subpoena is proportional to the needs of the case. Hughes requests Carter's employment records for a period of three years, starting in January of 2016, five months before the accident. This request is properly tailored. Further, the subpoena does not place any burden or expense on Carter.[2] Therefore, because Carter's employment records are relevant to her claims and proportional to the needs of the case, they are within the scope of discovery under Fed. R. Civ. P. 26(b). Thus, there is no basis for the court to quash the subpoena under Fed. R. Civ. P. 45(d)(3).

---

[2] The subpoena requests the action of a records custodian of Carter's employer, Cisco. As such, the subpoena does not place any burden or expense on Carter, and she has not argued how the subpoena specifically burdens her. Because the subpoena seeks relevant information, the court cannot find that it otherwise burdens Carter. If the subpoena places an undue burden or expense on Cisco, the motion to quash is Cisco's to make, not Carter's.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion to quash.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 17, 2019**
**Charleston, South Carolina**